```
                     UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                        CRIMINAL ACTION

V.                                              NO. 09-398

COREY OLIVER                                    SECTION "F"
```

ORDER AND REASONS

Before the Court is the petitioner's motion seeking post-conviction relief pursuant to 28 U.S.C. § 2255, and request for an evidentiary hearing to resolve his claim of ineffective assistance of counsel. For the reasons that follow, the petitioner's request for an evidentiary hearing is DENIED, the habeas petition is dismissed without prejudice, and the Clerk of Court is directed to reinstate Oliver's criminal judgment to allow Oliver to pursue an out-of-time appeal.

Background

Corey Oliver, a federal prisoner, asks this Court to vacate, set aside, or correct his sentence, based on ineffective assistance of counsel. Oliver charges that his counsel was *per se* ineffective in failing to file a direct appeal that he instructed him to file.

In 2010 Corey Oliver and seven co-defendants were charged by Superseding Indictment with violating the Racketeer Influenced Corruption Act, the Violent Crime in Aid of Racketeering Act, the Federal Controlled Substances Act and the Federal Gun Control Act.

1

Oliver and his co-defendants, it was charged, were members of a gang known as the "Josephine Dog Pound," which distributed crack cocaine in two areas in New Orleans. Oliver acted as a drug distributer and gunman for the organization, and he was present at the September 4, 2006 shooting of three men by co-defendant Daryl Shields, which resulted in the death of Herbert Lane.  Ultimately, in entering a plea of guilty to one of the charges against him, Oliver admitted to  being responsible for distributing between 280 and 500 grams of crack cocaine between his state drug conviction (for possession of heroin and crack cocaine) on January 10, 2008 and the Superseding Indictment on August 6, 2010.

 Before the scheduled trial date, on June 22, 2011, Oliver, with the assistance of appointed counsel, John-Michael Lawrence, pleaded guilty before this Court to Count 2 of the Superseding Indictment (conspiracy to distribute controlled substances) and to a bill of information establishing his prior drug conviction. When Oliver pleaded guilty to the conspiracy charge, he waived his right to appeal and contest his conviction or sentence in any collateral proceeding. In the plea agreement, Oliver and the Government agreed to a 20-year prison sentence, the mandatory minimum sentence for a charge with a maximum term of life imprisonment, a fine of up to $20,000,000, a $100 special assessment fee, and a period of at least 10 years of supervised release following imprisonment. The Government agreed to request that this Court dismiss Counts 1 and

3 against Oliver, and that Oliver was entitled to a three level reduction in his sentencing guidelines.

In the United States Probation Office's Pre-Sentence Investigation Report, it was determined that Oliver had a Category II Criminal History with a total offense level of 40, placing him in a guidelines imprisonment range between 324 and 405 months, which was above the stipulated sentence of the plea agreement. Nevertheless, this Court accepted the Government and Oliver's plea bargain on November 16, 2011, and he was sentenced to the stipulated prison term of 20 years.  Notwithstanding this stipulated sentence, Oliver suggests that he was "not happy with [his] term of imprisonment", and that he told his lawyer to file an appeal.  No direct appeal was ever filed.

Oliver now seeks relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel for failure to perfect his requested appeal.

I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.  The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." Id.

Oliver submits, by sworn affidavit, that he expressed to his

counsel that he desired to appeal his sentence at the conclusion of his sentencing hearing. Oliver contends that his attorney disregarded these instructions and failed to file a timely notice of appeal. Regardless of the viability of any claims he might raise on direct appeal, if he demonstrates by a preponderance of the evidence that he requested an appeal, the Fifth Circuit instructs that he is entitled to file an out-of-time appeal.

*A. Failure to File Requested Appeal Constitutes Per Se Ineffective Assistance of Counsel*

A petitioner's claim of constitutionally ineffective counsel based on the failure to file a notice of appeal is analyzed under Strickland v. Washington, 466 U.S. 688 (1984). See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). To show that counsel was deficient, a petitioner must show that counsel's failure to file a notice of appeal fell below an objective standard of reasonableness and that it prejudiced him. See U.S. v. Heckler, 165 Fed.Appx. 360 (5th Cir. 2006) (citing Flores-Ortgea, 528 U.S. at 484). In Flores-Ortega, the Supreme Court held that an attorney's failure to file a *requested* notice of appeal is *per se* ineffective assistance of counsel. 528 U.S. at 483-86. This is so regardless of the merit of any claims raised on appeal: a defendant raising ineffective assistance of counsel for his counsel's failure to file a requested appeal need not demonstrate an ability to raise meritorious issues on appeal. Id. at 477-78. Instead, a petitioner shows ineffective

4

assistance of counsel if he can show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

In United States v. Tapp, the Fifth Circuit extended the rule set forth in Flores-Ortega to apply even where a defendant has waived his right to appeal or seek collateral relief. 491 F.3d 263, 266 (5th Cir. 2007). The court held:

> [T]he rule of Flores-Ortega applies even where a defendant has waived his right to direct appeal and collateral review. In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

Id. (joining the Second, Tenth, and Eleventh Circuits in holding that Flores-Ortega applies in cases involving appeal and collateral review waivers).[1] Thus, if petitioner is able to establish by a

---

[1] In fact, the majority of appellate courts to address the issue agree with this approach in the context of appellate waivers. See Campbell v. United States, 686 F.3d 353, 359 (6th Cir. 2012); Watson v. United States, 493 F.3d 960, 964 (8th Cir. 2007); United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007); United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005). Nevertheless, there is a Circuit split; the two circuits in the minority are the Third Circuit and the Seventh Circuit. See United States v. Mabry, 536 F.3d 231, 241-42 (3d Cir. 2008)(concluding that where an attorney fails to file a notice of appeal as directed after the defendant waived his appellate rights in a plea agreement, waiver is the "threshold issue," holding that a defendant cannot bring an ineffective-assistance claim under Flores-Ortega "unless the waiver fails to

preponderance of the evidence that he told his attorney to file a notice of appeal, prejudice is presumed and he is entitled to file an out-of-time appeal.

B.   *Petitioner's Right to an Evidentiary Hearing*

The Government concludes, without support, that the Court

---

pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice"), *cert. denied*, 557 U.S. 903 (2009); Nunez v. United States, 546 F.3d 450, 456 (7th Cir. 2008)(holding that once a defendant has validly waived his appellate rights, absent a non-frivolous issue that could be raised on appeal, "counsel should protect the client's interest in retaining the benefit of the plea bargain," even if it means ignoring a client's express instruction to appeal), *vacated on other grounds*, 554 U.S. 911 (2008).  The Third Circuit has observed:

> Even those courts that have applied Flores-Ortega in the waiver context have noted that presuming prejudice where there is a waiver makes little sense, because "most successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007); accord Campusano, 442 F.3d at 777 ("Admittedly, applying the Flores-Ortega presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose.").  So doing, they reach results that are admittedly "contrary to common sense." See Sandoval-Lopez, 409 F.3d at

Mabry, 536 F.3d at 241 n.9.  The Government, in emphasizing Oliver's waiver (and his agreement to a specific sentence of 20 years), appears to echo these sentiments.  But this Court is bound to follow Fifth Circuit precedent, which holds that Oliver is entitled to an out-of-time appeal if he previously requested an appeal that his counsel neglected to file, regardless of the fact that he waived his appeal rights, and even without a showing that the appeal would have merit.

should deny Oliver's petition without an evidentiary hearing.[2] Under the circumstances, it would be improper to deny the petitioner's motion without an evidentiary hearing. 28 U.S.C. § 2255(b) provides in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

In determining whether a petitioner's § 2255 motion warrants an evidentiary hearing, a two- part inquiry is conducted. Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979). First, the Court examines whether the record conclusively negates the factual predicates asserted in support of the motion. Id. If not, the Court next determines whether the movant would be entitled to relief if his factual allegations are true. Id. If the defendant would be entitled to relief, then the Court must conduct a hearing to ascertain the validity of the movant's factual assertions. Id.

---

[2] The Government focuses on the Roe v. Flores-Ortega analysis for determining if an attorney's failure to *consult* with a defendant regarding the possibility of an appeal constitutes ineffective assistance of counsel. As explained by the Court in Flores-Ortega, however, that analysis is applicable in cases where "the defendant has not clearly conveyed his wishes one way or the other" regarding the decision to file an appeal. 528 U.S. 470, 477 (2000). Here, while Oliver does suggest that counsel failed to discuss the advantages or disadvantages of appealing, Oliver also submits that he in fact requested that his counsel perfect an appeal and counsel disregarded his request.

With respect to the first prong of the inquiry, the Court finds that the record does not conclusively negate Oliver's allegations that his attorney disregarded his request to appeal his sentence. Oliver alleges that he directly requested that his attorney file a notice of appeal after his sentencing hearing; he submits a statement under penalty of perjury that he "requested an appeal" and expressed his "desire to appeal...to attorney Lawrence at the conclusion of sentencing." For its part, the Government represents that it has spoken with Oliver's counsel, Mr. Lawrence, who apparently disputes Oliver's account that he requested an appeal be filed; however, even had the Government submitted an affidavit memorializing this alleged fact (which it does not), the Fifth Circuit has held that "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits." Friedman, 588 F.2d at 1015; see also Machibroda v. United States, 368 U.S. 487, 495 (1962) ("Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge.").

In light of the clearly applicable law -- that counsel's failure to perfect a requested appeal constitutes *per se* ineffective assistance of counsel -- the petitioner has also satisfied the second prong of the evidentiary hearing standard by establishing that he would be entitled to relief if his allegations were proven.

II. Out-of-Time Appeal Procedure

The Court finds that granting Oliver the relief he seeks[3] provides a more efficient resolution than conducting a hearing.

If counsel failed to perfect a requested appeal, granting an out-of-time appeal is a permissible remedy. See <u>United States v. Cooley</u>, --- Fed.Appx. ---, 2013 WL 6671802, at *1 (5th Cir. Dec. 19, 2013)(citing <u>U.S. v. West</u>, 240 F.3d 456, 459 (5th Cir. 2001)); <u>see also Mack v. Smith</u>, 659 F.2d 23, 25 (5th Cir. 1981). Because "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time appeal", the judgment-reinstatement procedure set forth by the Fifth Circuit must be followed in these circumstances. See <u>U.S. v. West</u>, 240 F.3d 456, 459 (5th Cir. 1993) (emphasis in original). This procedure calls for dismissing the petitioner's § 2255 petition without prejudice and reinstating the petitioner's judgment of conviction to reset the time for which his appeal should run. See <u>Mack v. Smith</u>, 659 F.2d 23, 26 (5th Cir. 1981).[4] The procedure thus remedies counsel's deficiency in failing to file the requested appeal by providing the opportunity to file a notice of appeal from

---

[3]Oliver "pray[s] the district court will allow me to exercise my right to appeal."

[4]In sanctioning this procedure, the Fifth Circuit distinguished between the statutory and judicial remedy: If the district court "choos[es] the judicial remedy, the court must deny the statutory remedy, for it is inconsistent to 'grant' § 2255 relief in name, yet deny it in substance by refusing to apply a remedy it provides." <u>West</u>, 240 F.d 3d at 459.

the re-imposed sentence within the time limit mandated by Federal Rule of Appellate Procedure 4(b)(1)(A).[5]

Accordingly, the Court invokes the judgment-reinstatement procedure; IT IS ORDERED: that the petitioner's § 2255 petition is hereby dismissed without prejudice, and the Clerk of Court is directed to REINSTATE the judgment in this case. To file a timely appeal, Oliver must file a notice of appeal from the re-imposed judgment in accordance with Federal Rule of Appellate Procedure 4(b)(1)(A). Finally, IT IS FURTHER ORDERED: that Oliver's motion to supplement his motion to vacate is DENIED as moot.

New Orleans, Louisiana, March 26, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that the petitioner's knowing and voluntary waiver of his appeal rights, while not a bar to his right to *file* an appeal, can and will be considered by the Fifth Circuit in evaluating the merits of any such appeal.